[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff Brian Miele filed this lawsuit, with a return date of May 25, 2000, against the Warden of Cheshire Correctional Institution, praying for a Writ of Mandamus to compel the defendant to provide him certain dental treatment. The plaintiff also moved for injunctive relief.
The court entered certain orders related to the progress of the case on September 8, 2000. Thereafter the plaintiff filed an amended complaint, essentially changing the claim from that in a mandamus action to that in a habeas corpus action, alleging that the lack of adequate dental care during his confinement violated the Eighth Amendment to the U.S. Constitution and rendered his confinement unlawful. The defendant has filed a Motion for Summary Judgment and supporting documents and a memorandum of law. The defendant though pro se has filed competent papers in opposition.
The court finds no material fact in dispute that implicates the defendant's claim of a violation of his constitutional rights. The defendant has had ongoing dental problems. He has also had an ongoing dispute with the Department of Correction about the best way to treat his dental problems. The plaintiff consented to a procedure performed on tooth #8 on August 8, 2000. The procedure removed an abscess and root tip. Sutures were removed on August 10, 2000. Although part of the tooth is soft and fragile, the petitioner is in no acute pain. He is at risk for further infection of the tooth, however. The petitioner was seen by an oral surgeon on September 5, 2000, and an x-ray was taken. In the opinion of the oral surgeon, it is too early to tell whether the procedure performed on August 8, 2000, will ameliorate the chronic problem. It appears to be the intention of the defendant to reevaluate the petitioner's dental situation in six months time.
If the plaintiff experiences further pain or infection, the treatment choices are either a crown or extraction of the tooth. The Department of Correction does not provide to its inmates the kind of dental work that would include the provision of a permanent. Rather the Department notified the plaintiff on August 3, 2000, that the failure of the August 8 procedure to solve the problem would likely result in the need for the tooth to be extracted. The plaintiff nonetheless consented to the procedure.
The court is not unsympathetic to the plaintiff's wish to be provided CT Page 13815 with the best kind of dental care possible. But the best care available is not the standard by which the court must judge the complaint of an inmate in a habeas corpus petition. Rather in evaluating a claim for a deprivation of rights under the Eighth and Fourteenth Amendments to the Constitution, in order to prevail the plaintiff must show first that he is incarcerated under conditions posing a substantial risk of serious harm. Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 2481.125 L.Ed.2d 22 (1993). Thereafter he must prove that the defendants have acted with "deliberate indifference" to his needs. Estelle v. Gamble,429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).
Even allowing for a liberal reading of the plaintiff's claims since he is proceeding pro se, id., 97 S.Ct. 285, 292, the court concludes that he has not alleged either a substantial risk of serious harm, or that the defendant has been deliberately indifferent to his needs. The fact that the plaintiff might be able to prove that his choice of treatment is more appropriate to his current needs is immaterial. It is undisputed that the defendant has offered to provide further ameliorating treatment to the plaintiff, in the form of a tooth extraction, in the event that the plaintiff experiences further painful flare-ups. So far it is not even clear that any further treatment will be necessary. As a matter of law, under the undisputed material facts, the defendant has complied with the obligation to provide "the minimal civilized measure of life's necessities" to the plaintiff. Rhodes v. Chapman, 452 U.S. 337, 347,101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); see also, Estelle v. Gamble, supra.
Therefore the court grants the defendant's Motion for Summary Judgment. The amended complaint, treated as a petition for a writ of habeas corpus, is dismissed.
Patty Jenkins Pittman, Judge